# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| CHARLIE M. MILTON, JR. | ) |
| --- | --- |
| Petitioner, | ) |
| -vs- | ) Case No. CIV-16-1469-F |
| JOE ALLBAUGH, | ) |
| Respondent. | ) |

## ORDER

In this action, petitioner, a state prisoner appearing *pro se* whose pleadings are liberally construed, seeks relief from a state court conviction under 28 U.S.C. § 2254. On March 31, 2017, Magistrate Judge Shon T. Erwin entered a Report and Recommendation (doc. no. 14, "Report") recommending the court grant respondent's motion to dismiss (doc. no. 9) based on untimeliness. Petitioner objected to the Report, arguing that he was entitled to equitable tolling and making other arguments. Doc. no. 15.

Petitioner's objections have been reviewed *de novo*. Of his objections, his equitable tolling argument is the most developed. Petitioner argues that his access to research materials was restricted. He states that, "I did not have full access to the help I needed until, I was released [petitioner has not been released] until 9 month [sic] later. At which point I began research at the law library, and filed my appeal (post convicted)." Doc. no. 15, pp. 3-4 of 4. Petitioner's objections do not show that

he is entitled to equitable tolling, the standards for which are set out in the Report. Petitioner also requests "the court take into account the full picture in this situation and not adopt the narrow view adopted by the magistrate," stating that "This is far more than [an] issue of time bar." *Id.* at p. 4 of 4. The court has fully considered these and other arguments made in petitioner's objections to the Report. Having done so, and given the thoroughness of the analysis set out in the Report, the court concludes that no purpose would be served by any additional analysis here.

Petitioner's objections to the Report are **DENIED**, and the Report and Recommendation of the magistrate judge is **ACCEPTED**, **ADOPTED** and **AFFIRMED**. The petition for habeas relief is **DISMISSED** as untimely.

Movant (petitioner) is entitled to a certificate of appealability only upon making a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). This standard is satisfied by demonstrating that the issues movant seeks to raise are deserving of further proceedings, debatable among jurists of reasons, or subject to different resolution on appeal. *See*, Slack v. McDaniel, 529 U.S. 473, 484 (2000) ("[W]e give the language found in §2253(c) the meaning ascribed it in [Barefoot v. Estelle, 463 U.S. 880, 893 (1983)], with due note for the substitution of the word 'constitutional.'"). "Where a district court has rejected the constitutional claims on the merits,...[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. When a prisoner's habeas petition is dismissed on procedural grounds without reaching the merits of the prisoner's claims, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional

right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*  Petitioner has not made the requisite showing, and a certificate of appealability is **DENIED**.

    IT IS SO ORDERED this 25th day of April, 2017.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

14-1469p001.docx